Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM OLIVEIRA-BOLSANELO,

    Plaintiff,

vs.

TODD LYONS, Acting Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement (ICE);

KRISTI NOEM, Secretary, U.S. Dept. Of Homeland Security
C/O Office of the General Counsel
2707 Martin Luther King Jr. Ave, Se
Washington, Dc 20528-0485; and


PAM BONDI, U.S. Attorney General
950 Pennsylvania Avenue NW
Washington DC 20530

    Defendants.

Case No.:

**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

Plaintiff William Oliveira Bolsanelo, by and through undersigned counsel, brings this action under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. against Defendants and alleges as follows:

I.    **INTRODUCTION**

1. This action challenges unlawful and arbitrary actions by Defendants U.S. Immigration

1

and Customs Enforcement ("ICE"), the Department of Homeland Security ("DHS"), and related officials under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

2. Plaintiff was wrongfully removed to Brazil on October 22, 2025, despite: (a) a statutory automatic stay of removal triggered by his pending motion to reopen an in absentia removal order; and (b) an explicit federal court order entered by Judge Leo T. Sorokin in Case No. 25-cv-12927-LTS prohibiting his deportation, removal, or transfer outside the United States.

3. Defendants' decision to remove Plaintiff while the stay and court order remained in full force is arbitrary, capricious, an abuse of discretion, contrary to law, and taken without observance of required procedures, in violation of 5 U.S.C. § 706(2).

4. Plaintiff seeks declaratory relief that his removal was unlawful, along with injunctive relief compelling Defendants to restore him to the United States or otherwise remedy the unlawful harm caused by their violation of federal law.

## II. JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1331, 5 U.S.C. §§ 701–702, and 28 U.S.C. § 2201 et seq., jurisdiction here is proper and relief is requested under these statutes.

6. Specifically, this Court has jurisdiction over this action pursuant to: 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 555(b) & 706(1), the Administrative Procedure Act; 8 U.S.C. § 1329, Immigration and Nationality Act; and 28 U.S.C. § 1361, which gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a duty owed to the Plaintiff.

7. Furthermore, the Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "in a case of actual controversy within its jurisdiction … any court of the United States, upon filing of an

appropriate pleading, may declare the rights of any interested party seeking such declaration, whether or not further relief could be sought."

8. 28 U.S.C. § 1391(e), as amended, provides that venue for suits against the United States, a federal agency, or a federal official acting in his or her official capacity, may be brought in any judicial district in which: (1) a defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides, if no real property is involved.

9. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to this claim occurred within this District, including Plaintiff's detention and the issuance of a federal court order prohibiting his removal.

10. Furthermore, because Plaintiff's detention occurred within this District, the immigration proceedings relevant to this action were impacted within this District, and because the unlawful removal occurred in violation of an Order issued by the United States District Court for the District of Massachusetts, venue is proper in this District.

### III.    PARTIES

11. Plaintiff William Oliveira-Bolsanelo is a Brazilian national who resided in Massachusetts and was detained in this District prior to his unlawful removal to Brazil.

12. Defendant Todd Lyons is the Acting Director of U.S. Immigration and Customs Enforcement (ICE). At all times relevant to this action, he exercised supervisory authority over ICE Enforcement and Removal Operations and its officers responsible for Plaintiff's custody and removal. He is sued in his official capacity only.

13. Defendant Kristi Noem is the Secretary of the Department of Homeland Security. As

Secretary, she oversees the federal agency responsible for implementing and enforcing the INA, including the detention of noncitizens. She is sued in her official capacity.

14. Defendant Pamela Bondi is the Attorney General of the United States and head of the U.S. Department of Justice. In that capacity, she oversees EOIR and the immigration court system the agency administers. She is ultimately responsible for the agency's operation. She is sued in her official capacity.

## IV.   STATEMENT OF FACTS

15. Plaintiff William Oliveira-Bolsanelo is a Brazilian national who previously resided in Massachusetts and was detained at the Plymouth County Correctional Facility, located at 26 Long Pond Road, Plymouth, MA 02360.

16. Plaintiff entered the United States without inspection in or about 2022. Approximately thirty days after his arrival, he voluntarily appeared for an ICE appointment, during which he provided updated contact information including his residential address, email, and phone number.

17. Plaintiff lived in the United States for several years and developed deep community and family ties in Massachusetts.

18. Prior to his deportation, Plaintiff filed a motion to reopen an in absentia removal order with the immigration court.

19. Plaintiff was thereafter detained within the District of Massachusetts.

20. Under federal immigration law, including 8 U.S.C. § 1229a(b)(5)(C) and corresponding regulations, the filing of a motion to reopen an *in absentia* order automatically stays removal while the motion is pending.

21. At the time ICE deported Plaintiff to Brazil on October 22, 2025, his motion to reopen

remained pending before the immigration court.

22. Despite the automatic stay that should have been in effect, Defendants proceeded to remove Plaintiff from the United States.

23. In addition, on October 7, 2025, the Honorable Judge Leo T. Sorokin, United States District Judge for the District of Massachusetts, issued an order in Case No. 25-cv-12927-LTS explicitly prohibiting Defendants from deporting, removing, or otherwise transferring Plaintiff outside of the United States "until further Order of this Court.".

24. Defendants nonetheless removed Plaintiff from the country in direct violation of both:

    a. the statutory automatic stay triggered by his pending motion to reopen; and

    b. Judge Sorokin's explicit court order barring his removal.

25. Plaintiff was wrongfully removed to Brazil as a result of Defendants' unlawful actions, severing him from his counsel, from the evidence and resources needed to continue litigating his immigration case, and from the jurisdiction of this Court.

26. Plaintiff continues to suffer ongoing harm because his wrongful removal obstructs his ability to participate in his pending immigration proceedings, communicate effectively with his attorney, and pursue relief available under federal law.

## V.    CAUSES OF ACTION

**Count I: Administrative Procedure Act Violation - Agency Action in Excess of Statutory Authority – 5 U.S.C. § 706(2)(C)**

27. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Defendants, through their officers, agents, and subordinates, took final agency action

5

when they executed Plaintiff's removal from the United States on October 22, 2025.

29. Under the APA, reviewing courts must "hold unlawful and set aside agency action" that is "in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. § 706(2)(C). Access to counsel is a cornerstone of due process in immigration proceedings. Courts have recognized that the right to counsel in immigration proceedings is rooted in the Due Process Clause and codified at 8 U.S.C. § 1362 and 8 U.S.C. § 1229a(b)(4)(A).

30. 8 C.F.R. § 1003.23(b)(4)(ii) expressly provides that the filing of a motion to reopen an *in absentia* removal order triggers an automatic stay of removal while the motion is pending. This statutory stay is mandatory and nondiscretionary, and Defendants lack lawful authority to remove a noncitizen while such a stay is in effect[1].

31. Courts within the First Circuit recognize that motions to reopen *in absentia* orders are governed by a distinct statutory and regulatory scheme under 8 U.S.C. § 1229a(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(iii). *See Wang v. Holder*, 13-1767 (1st Cir. Apr. 30, 2014) (discussing regulatory framework governing in absentia motions to reopen); *Aragón-Muñoz v. Mukasey*, 06-2776 (1st Cir. 2008) (recognizing statutory authority for rescinding in absentia removal orders through motions to reopen).

32. Plaintiff filed a motion to reopen his *in absentia* removal order prior to his removal. At the moment Defendants executed the removal order, Plaintiff's motion to reopen remained pending before the immigration court, thereby placing Plaintiff under the protection of the automatic stay.

---

[1] https://www.justice.gov/eoir/reference-materials/ic/chapter-8/2

33. Despite this mandatory stay, Defendants removed Plaintiff from the United States on October 22, 2025. In doing so, Defendants acted in excess of their statutory authority because federal law expressly prohibited removal under these circumstances.

34. Defendants' conduct was further unlawful because it directly violated a federal court order issued on October 7, 2025, by Judge Leo T. Sorokin in Case No. 25-cv-12927-LTS, expressly prohibiting Defendants from deporting, removing, or otherwise transferring Plaintiff outside the United States until further order of the Court. Defendants lacked any lawful authority to disregard a binding federal court injunction.

35. Despite this injunction, Defendants transferred Plaintiff from Massachusetts to Louisiana, and then again to Mississippi, after the issuance of the court's order. These transfers were undertaken for the purpose of effectuating Plaintiff's eventual removal, were made in defiance of the federal court's injunction, and were executed without lawful authority.

36. Defendants' actions were ultra vires because they exercised power that Congress and the federal courts explicitly withheld from them. Removing Plaintiff while a statutory stay and a federal court prohibition were in effect was beyond the scope of Defendants' legal authority.

37. As a direct and proximate result of Defendants' actions in excess of statutory and judicial authority, Plaintiff has suffered a legal wrong and has been adversely affected and aggrieved within the meaning of 5 U.S.C. § 702.

38. Defendants' unlawful removal of Plaintiff forcibly transported him out of the United States, severed his access to counsel, and deprived him of the ability to meaningfully pursue and litigate his pending motion to reopen.

39. Plaintiff's displacement abroad has effectively denied him the protections guaranteed under federal immigration statutes and regulations, including the right to pursue statutory

remedies from within the United States while his case is pending.

40. Because Defendants acted without lawful authority, in contravention of statutory mandates and a federal court order, Plaintiff is entitled to relief under the APA, including declaratory and injunctive relief setting aside Defendants' unlawful actions and ordering corrective measures.

**Count II: Due Process Violation Under the Fifth Amendment**

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

42. The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of liberty without due process of law. These protections extend to all persons physically present in the United States, regardless of citizenship or immigration status.

43. At all relevant times, Plaintiff was physically present in the United States and therefore entitled to the full protections of the Due Process Clause.

44. Plaintiff possesses constitutionally protected liberty interests, including the right to pursue statutory immigration remedies, the right to remain in the United States while a legally mandated stay of removal is in effect, and the right to meaningful access to counsel and to the immigration court.

45. Defendants deprived Plaintiff of these liberty interests when they removed him from the United States despite (1) a pending motion to reopen, (2) a statutory automatic stay of removal, and (3) a federal district court order expressly prohibiting his removal.

46. Defendants deprived Plaintiff of liberty without due process because they failed to provide, or even attempt to provide, adequate procedural protections before executing his removal. No notice, hearing, or opportunity to challenge their unlawful action was afforded to Plaintiff thereby

depriving him of his liberty interest in remaining in the United States while that motion was being adjudicated pursuant to the protections recognized in *Wang* and *Aragón-Muñoz*.

47. Defendants' conduct eliminated Plaintiff's ability to communicate with counsel, gather evidence, or participate in his pending immigration proceedings, thereby destroying his meaningful access to the legal process.

48. By disregarding statutory protections and a clear judicial order, Defendants acted arbitrarily and without lawful justification, violating the most basic guarantees of procedural due process.

49. Defendants' removal of Plaintiff under these circumstances constitutes a direct violation of Plaintiff's Fifth Amendment rights, causing ongoing harm and preventing him from fully exercising statutory and constitutional protections.

50. Plaintiff is therefore entitled to declaratory and injunctive relief to remedy the constitutional violation and restore his ability to pursue his immigration case consistent with due process of law.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1) Assume jurisdiction and proper venue over this matter;

2) Declare that Plaintiff's removal on October 22, 2025, was unlawful because it violated the automatic statutory stay of removal triggered by his pending motion to reopen, and because it violated the explicit federal court order in *Oliveira-Bolsanelo v. ICE*, No. 25-cv-12927-LTS (D. Mass. Oct. 7, 2025);

3) Issue a writ of habeas corpus under 28 U.S.C. § 2241 ordering that Defendants immediately release Plaintiff from immigration detention; or, in the alternative, require ICE to confine her detention within this District so that he may meaningfully access counsel and family.

4) Grant declaratory relief holding that any transfer of Plaintiff would violate his constitutional and statutory rights, given that he has been in the United States for over two years.

5) Grant injunctive relief compelling Defendants to recognize and respect all of Plaintiff's procedural and statutory rights, including but not limited to due process, access to counsel, and notice.

6) Award Plaintiff reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

7) Grant such other and further relief as this Court deems just and proper.

Date: December 2, 2025

Respectfully submitted,

/s/ Karoline Souza Pereira

Karoline Souza Pereira (BBO 713676)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-777
Email: pereira.karoline@outlook.com
*Attorney for the Plaintiff*

/s/ Marcelo Gondim

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-777
Email: court@gondim-law.com
*Attorney for the Plaintiff*